# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x

HILARION JUAREZ-RAMOS,                                    SUMMONS

                Plaintiff,                           Index No.:

              -against-                                 Date Filed:

"JOHN DOE" and J.B. HUNT TRANSPORT, INC.,

                Defendants.
-------------------------------------------------------------------------x

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty days after the service of this Summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      This basis of venue the Plaintiff's Residence.

      Plaintiff resides at 48-15 48th Street, 1st Floor, Sunnyside, NY 11104

      Dated: Brooklyn, New York
             May 9, 2022

Yours, etc.,

Maya Vax, Esq.
**IKHILOV & ASSOCIATES**
*Attorneys for Plaintiff*
HILARION JUAREZ-RAMOS
76 W. Brighton Avenue, Suite 212
Brooklyn, NY 11224
(718) 336-4999

Defendants' Addresses:

"JOHN DOE"


J. B. Hunt Transport, Inc.
C\O Corporate Service Company
80 State Street
Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------x

HILARION JUAREZ-RAMOS,

              Plaintiff,

-against-

"JOHN DOE" and J.B. HUNT TRANSPORT, INC.,

              Defendants.
-----------------------------------------------------------------------x

COMPLAINT

Index No.:

JURY TRIAL DEMANDED

Plaintiff HILARION JUAREZ-RAMOS, by his attorneys, IKHILOV & ASSOCIATES, complaining of the Defendants herein, respectfully submits to the Court, and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of a motor vehicle accident.

## JURISDICTION AND VENUE

2. The Subject Accident occurred on Roosevelt Avenue near its intersection with 59th Street in County of Queens, City & State of New York.

3. The basis on venue is Plaintiff's residence with is 48-15 48th Street, 1st Floor, Sunnyside, NY 11104, in the County of Queens, City and State of New York.

4. This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L. & R. § 1602.

## JURY DEMAND

1 / 11

5.     HILARION JUAREZ RAMOS demands a trial by jury in this action.

## PARTIES

6.     Plaintiff HILARION JUAREZ-RAMOS is a resident of the County of Queens, State of New York.

8.     At all times herein mentioned, Defendant "JOHN DOE", is an individual whose identity and place of residence is as yet not known to the Plaintiff, who was the driver of truck bearing Indiana registration number 2835234.

9.     Defendant J.B. HUNT TRANSPORT, INC., maintains its regular place of business in the State of Arizona.

10.     Defendant J.B. HUNT TRANSPORT, INC., is a foreign limited liability company authorized to do business in the State of New York.

11.     Defendant J.B. HUNT TRANSPORT, INC., is a duly organized domestic corporation transacting business in the State of New York.

12.     Defendant J.B. HUNT TRANSPORT, INC., is a duly organized foreign corporation transacting business in the State of New York

13.     Defendant J.B. HUNT TRANSPORT, INC., does and/or solicits business within the State of New York.

14.     Defendant J.B. HUNT TRANSPORT, INC., derives substantial revenues from goods used or consumed or services rendered in the State of New York.

15.     At all times relevant herein. Plaintiff HILARION JUAREZ-RAMOS was a bicyclist operating his bicycle ("herein referred to as "vehicle one") lawfully on Roosevelt Avenue near its intersection with 59th Street in the County of Queens, City and State of New York.

17. At all times relevant herein, Defendant "JOHN DOE" owned a truck bearing Indiana registration number 52835234 (herein referred to as "vehicle two").

18. At all times relevant herein, Defendant "JOHN DOE" had an ownership interest in the vehicle two.

19. At all times relevant herein, Defendant "JOHN DOE" was the registrant of vehicle two.

20. At all times relevant herein, Defendant "JOHN DOE" managed vehicle two.

21. At all times relevant herein, Defendant "JOHN DOE" maintained vehicle two.

22. At all times relevant herein, Defendant "JOHN DOE" controlled vehicle two.

23. At all times relevant herein, Defendant "JOHN DOE" operated vehicle two.

24. At all times relevant herein, Defendant "JOHN DOE" inspected vehicle two.

25. At all times relevant herein, Defendant "JOHN DOE" repaired vehicle two.

26. At all times relevant herein, Defendant "JOHN DOE" leased vehicle two.

27. At all times relevant herein, Defendant "JOHN DOE" was the lessee of vehicle two.

28. At all times relevant herein, Defendant "JOHN DOE" drove vehicle two with permission of Defendant J.B. HUNT TRANSPORT, INC.

29. At all times relevant herein, Defendant "JOHN DOE" drove vehicle two with the express permission of a person or entity authorized to give such permission.

30. At all times relevant herein, Defendant "JOHN DOE" drove vehicle two with implied consent of Defendant J.B. HUNT TRANSPORT, INC.

31. At all times relevant herein, Defendant "JOHN DOE" drove vehicle two in the course of his employment with Defendant J.B. HUNT TRANSPORT, INC.

32. At all times relevant herein, Defendant "JOHN DOE" drove vehicle two in furtherance of the business of Defendant J.B. HUNT TRANSPORT, INC.

33. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., owned vehicle two.

34. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., had an ownership interest in vehicle two.

35. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., was the registrant of vehicle two.

36. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., managed vehicle two.

37. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., maintained vehicle two.

38. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., controlled vehicle two.

39. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., operated vehicle two.

40. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., inspected vehicle two.

41. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., repaired vehicle two.

42. At all times relevant herein. Defendant J.B. HUNT TRANSPORT, INC., leased vehicle two.

43. At all times relevant herein, Defendant **J.B. HUNT TRANSPORT, INC.**, was the lessee of vehicle two.

44. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

45. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Sections 1602(2)(iv), 1602(4), 1602(7) and 1602(8).

## STATEMENT OF FACTS

46. On or about October 13, 2021, **Plaintiff HILARION JUAREZ-RAMOS** was the lawful operator of a bicycle on Rosevelt Avenue near its intersection with 59th Street in the County of Queens, City and State of New York ("the aforementioned location").

47. On or about October 13, 2021, **Defendant "JOHN DOE"** was the operator of vehicle number two at the aforementioned location.

49. On or about October 13, 2021, vehicle two came into contact with the bicycle ("the aforesaid contact") at the aforementioned location.

50. As a result of the aforesaid contact, Plaintiff HILARION JUAREZ-RAMOS was injured at the aforementioned location.

51. As a result of the aforesaid contact, Plaintiff HILARION JUAREZ-RAMOS was seriously injured at or near the aforementioned location.

52. As a result of the aforesaid contact, Plaintiff HILARION JUAREZ-RAMOS sustained a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York, and being a covered person claiming against a covered person, is entitled to

recover for non-economic loss, including pain, suffering, disfigurement and disability. Moreover, Plaintiff is entitled to recover for such economic loss as exceeds basic economic loss.

53. At all times relevant herein, Plaintiff HILARION JUAREZ-RAMOS did not engage in any conduct that contributed to the aforesaid contact.

54. At all times relevant herein, Plaintiff HILARION JUAREZ-RAMOS did not engage in any conduct that was a substantial factor in causing the aforesaid contact.

55. At all times relevant herein, any conduct on the part of Plaintiff HILARION JUAREZ-RAMOS that might have contributed to the aforesaid contact was not negligent, reckless, wanton or intentional.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT "JOHN DOE"

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendant "JOHN DOE" was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a highway; in failing to give due and proper warning of the movements of said vehicle; in failing to heed traffic controls; in failing to signal or give signals; in failing to afford Plaintiff HILARION JUAREZ-RAMOS a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicles two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

58. At all times relevant herein, it was the duty of Defendant "JOHN DOE" and/or Defendant's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

59. At all times relevant herein, Defendant "JOHN DOE" and/or Defendant's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

60. At all times relevant herein, it was the duty of Defendant "JOHN DOE" and/or Defendant's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

61. At all times relevant herein, Defendant "JOHN DOE" and/or Defendant's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

62. The aforesaid conduct and breach of duties of Defendant "JOHN DOE" caused the aforesaid contact at the aforementioned location.

63. The aforesaid conduct and breach of duties of Defendant "JOHN DOE" was a substantial factor in causing the aforesaid contact at the aforementioned location.

64. As a result of the foregoing, Plaintiff HILARION JUAREZ-RAMOS was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

65. As a result of the foregoing, Plaintiff HILARION JUAREZ-RAMOS was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT J.B. HUNT TRANSPORT, INC.

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Defendant J.B. HUNT TRANSPORT, INC., was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said vehicle two; in failing to heed traffic controls; in failing to signal or give signals; in failing to afford Plaintiff HILARION JUAREZ-RAMOS, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating the vehicle as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

68. At all times relevant herein, it was the duty of Defendant J.B. HUNT TRANSPORT, INC., and/or Defendant's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

69. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., and/or Defendant's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

70. At all times relevant herein, it was the duty of Defendant J.B. HUNT TRANSPORT, INC., and/or Defendant's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

71. At all times relevant herein, Defendant J.B. HUNT TRANSPORT, INC., and/or Defendant's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

72. The aforesaid conduct and breach of duties of Defendant J.B. HUNT TRANSPORT, INC., caused the aforesaid contact at the aforementioned location.

73. The aforesaid conduct and breach of duties of Defendant J.B. HUNT TRANSPORT, INC., was a substantial factor in causing the aforesaid contact at the aforementioned location.

74. As a result of the foregoing, Plaintiff HILARION JUAREZ-RAMOS was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

75. As a result of the foregoing, Plaintiff HILARION JUAREZ-RAMOS was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

76. be compelled to seek medical care and attention; and was otherwise injured or damaged.

### AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION AND TRAINING AGAINST J.B. HUNT TRANSPORT, INC.

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in t preceding paragraphs with the same force and effect as if fully set forth herein at length.

78. That the defendant J.B. HUNT TRANSPORT, INC., was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

79. That the defendant J.B. HUNT TRANSPORT, INC., was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

80. That the defendant J.B. HUNT TRANSPORT, INC., its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of "JOHN DOE"; in failing to investigate and determine whether "JOHN DOE" was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of "JOHN DOE"; in failing to assure that "JOHN DOE" was properly trained in the operation and safety of the vehicle; in negligently entrusting "JOHN DOE" with operation of the vehicle; in negligently hiring "JOHN DOE"; in negligently training "JOHN DOE"; in negligently supervising "JOHN DOE"; in negligently retaining "JOHN DOE"; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle, including but not limited to the Vehicle and Traffic Law of the State of New York

81. That by reason of the foregoing, plaintiff, Plaintiff HILARION JUAREZ-RAMOS, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; was compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and was otherwise injured or damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HILARION JUAREZ-RAMOS demands judgment against each of the Defendants, jointly and severally, on each of the causes of action alleged herein, each separately in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; the costs and disbursements of this action; and such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 9, 2022

Yours, etc.,

_____
Maya Vax, Esq.
IKHILOV & ASSOCIATES
*Attorneys for Plaintiff*
HILARION JUAREZ-RAMOS
76 W. Brighton Avenue, Suite 212
Brooklyn, NY 11224
(718) 336-4999

## ATTORNEY VERIFICATION

MAYA VAX, ESQ., an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

She is the attorney for the plaintiff(s) in the above entitled action. That she has read the foregoing COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED: New York, New York
       May 9, 2022

*Maya Vax, Esq.*